■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY KILKELLY, Appellant. [638 NYS2d 93] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered March 22, 1993, convicting him of criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Juvlier, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the hearing court and the trial court improperly directed the closure of the courtroom during the testimony of one of the police officers. The testimony offered by the officer at the *Hinton* hearing conducted prior to the pretrial suppression hearing and again at the *Hinton* hearing conducted prior to his appearance at trial did not meet the criteria mandated by *People v Martinez* (82 NY2d 436) in that it did not establish a link between the officer's fear for his safety and his open-court testimony. The record does not establish that the officer, who began working undercover in New York County subsequent to the arrest of the defendant in this

case, ever worked undercover in the locale of the defendant's arrest or that he expected to begin undercover work in that area. In addition, there was no testimony that the targets of the officer's investigations were likely to be present in the courtroom. Accordingly, under the dictates of *People v Martinez (supra),* a new trial is required.

The remaining contentions raised in the defendant's *pro se* supplemental brief are without merit. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.